**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Sturm, Ruger & Co., Inc.

    v.                                    Civil No. 14-cv-194-SM
                                        Opinion No. 2016 DNH 141
Armscor Precision
International, Inc. et al.

## O R D E R

Sturm, Ruger & Co., Inc. ("Ruger") brought suit against
Armscor Precision International, Inc. ("API"), Rock Island
Armory Exports, Inc. ("RIA") (collectively "domestic
defendants"), and Arms Corporation of the Philippines ("ACP" or
"Filipino defendant") asserting claims arising out of the
defendants' alleged copying of a rifle manufactured by Ruger.
Ruger moves to compel the defendants to respond to certain
discovery requests.  Doc. no. 42.  The defendants object.  Doc.
no. 45.  For the reasons that follow, the court grants Ruger's
motion in part and denies in part.

## Standard of Review

"Parties may obtain discovery regarding any nonprivileged
matter that is relevant to any party's claim or defense and
proportional to the needs of the case . . . ."  Fed. R. Civ. P.
26(b)(1).  "Information within this scope of discovery need not
be admissible in evidence to be discoverable."  Id.  If a party
fails to respond to requests for production or interrogatories,

the party seeking discovery may move to compel production of the
requested documents or answers to the interrogatories.  Fed. R.
Civ. P. 37(a)(3)(B)(iii), (iv).

The party seeking an order compelling discovery responses
over an opponent's objection bears the initial burden of showing
that the discovery requested is relevant.  Caouette v.
OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).  "This
burden, however, should not be overstated.  As the court of
appeals has instructed, 'district courts are to interpret
liberally the discovery provisions of the Federal Rules [of]
Civil Procedure to encourage the free flow of information among
litigants.'"  West v. Bell Helicopter Textron, Inc., No. 10-cv-
214-JL, 2011 WL 6371791, at *2 (D.N.H. Dec. 20, 2011) (quoting
Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d
38, 41 (1st Cir. 2003)).

## Background[1]

Ruger is a manufacturer of firearms, which is incorporated
in Delaware and has its main corporate office located in
Connecticut.  Am. Compl. ¶ 2.  Ruger has a facility in Newport,
New Hampshire, where it manufactures its signature rifle, the
"10/22® carbine autoloading rifle (the '10/22')".  Id. ¶¶ 2, 12.

---

[1] The factual background is drawn from Ruger's amended complaint
and memoranda related to its motion to compel.

Ruger has sold and marketed its 10/22 rifle around the world.
Id. ¶¶ 12, 29.

The domestic defendants API and RIA are both located in
Nevada.  Id. ¶ 3-4.  The Filipino defendant is a foreign
corporation with its main office in the Philippines.  Id. ¶ 5.
In this case, Ruger alleges that the defendants have designed
and manufactured a .22 caliber semi-automatic rifle (the "RIA
22") that impermissibly copies the 10/22.  Id. ¶¶ 37-262.  Ruger
claims that the defendants have sold and marketed the RIA 22
around the world.  Id. ¶¶ 263-345.

Based on the defendants' alleged conduct, Ruger brought
this suit asserting claims for trade dress infringement, 15
U.S.C. § 1125(a), trade dress dilution, § 1125(c), contributory
trade dress infringement § 1125(a), and violation of the New
Hampshire Consumer Protection Act, RSA 358-A.  Id. ¶¶ 346-70.
Ruger alleges this court has jurisdiction over the case because
the defendants' actions violate the Lanham Act, 15 U.S.C. §
1125.  Id. ¶¶ 9, 348, 353, 367.

In early 2016, Ruger served the defendants with
interrogatories and requests for the production of documents
concerning, among other things, information regarding the sales,
marketing, and advertising of the RIA 22.  See Pl.'s Exs. A, D,
E, F, G, H.  The defendants objected to Ruger's requests, in
part, contending that the requested information is irrelevant

and improperly seeks discovery of sales, marketing, and
advertising information occurring outside the United States.
<u>Id.</u>  The defendants stated in their discovery responses that
they would only produce discovery "concerning marketing or
advertising [or sales] <u>in the United States</u> that [is] not
otherwise privileged or protected . . . ."  Pl.'s Ex. A at 3-4;
Ex. D at 3-4; Ex. E at 3-4 (emphasis added).

　　　The parties soon after met and conferred to address Ruger's
discovery requests and the defendants' responses.  The parties
were unable to reach an agreement, and Ruger filed its motion to
compel.

**<u>Discussion</u>**

A.　<u>Discovery of the Defendants' Foreign Sales and Marketing
Activities</u>

　　　Ruger contends the disputed discovery requests are
"directly relevant to the claims and allegations raised in its
complaint."  Doc. no. 42 at 8.  Specifically, Ruger alleges that
the defendants sell and market the RIA 22 around the world;
therefore, discovery concerning the defendants' sales and
marketing of the RIA 22 is relevant to determining damages and
establishing subject-matter jurisdiction under the Lanham Act.
In response, the defendants argue that "information relat[ed] to
[their] activities occurring outside the United States" is

4

irrelevant because it is beyond the scope of Ruger's Lanham Act claims.  Doc. no. 45-1 at 4.[2]

The "core purposes of the Lanham Act" are "to protect the ability of American consumers to avoid confusion and to help assure a trademark's owner that it will reap the financial and reputational rewards associated with having a desirable name or product."  McBee v. Delica Co., 417 F.3d 107, 121 (1st Cir. 2005) (citing Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 33–34).[3]  In enforcing the Act, "[t]he Supreme Court has . . . made it clear that the Lanham Act could sometimes be used to reach extraterritorial conduct . . . but it has never laid down a precise test for when such reach would be appropriate."  Id. at 117.

The First Circuit has held "that the Lanham Act grants subject matter jurisdiction over extraterritorial conduct by foreign defendants only where the conduct has a substantial

---

[2] At the motion hearing, the defendants stated that they did not intend to file a motion challenging whether Ruger's Lanham Act claims should be dismissed for lack of subject-matter jurisdiction.  Nevertheless, the defendants did note that the lack of jurisdiction was an affirmative defense.

[3] Under the Lanham Act, in addition to trademark infringement, a plaintiff may file a civil action for trade dress infringement. 15 U.S.C. § 1125(a)(3).  It follows that the Lanham Act works to assure a trade dress owner "reap the financial and reputational rewards associated with having a desirable name or product" just as it would for the owner of a trademark.  McBee, 417 F.3d at 121.

effect on United States commerce." Id. at 120 (emphasis added).
In instances "when an American citizen is the defendant[,]" the
First Circuit points to Steele v. Bulova Watch Co., 344 U.S. 280
(1952), for guidance and notes that "[i]n such cases, the
domestic effect of the international activities may be of lesser
importance and a lesser showing of domestic effects may be all
that is needed." McBee, 417 F.3d at 118.

    1.   The Filipino Defendant

    The defendants argue that Ruger's discovery requests for
the sales, marketing, and advertising activities of the RIA 22
by the Filipino defendant are irrelevant because "sales and
marketing activity occurring outside the United States has no
substantial effect on commerce in the United States." Doc. no.
45-1 at 5-6. This position, however, is contrary to the
substantial effects test in this circuit.

    As stated previously, the First Circuit in McBee noted that
the "core purposes" of the Lanham Act were two-fold: to protect
American consumers and to assure the owner of a protected
product "reap the financial and reputational rewards associated
with having" that product. 417 F.3d at 121. The defendants'
argument focuses on the former purpose and forgets the latter.
If the only purpose of the Lanham Act were to protect American
consumers from product confusion, then the defendants' argument
would be persuasive and the discovery of foreign activities by

foreign defendants would be irrelevant.  In this circuit,
though, the substantial effects test may be satisfied by "a
variety of harms . . . arising from wholly foreign activities by
foreign defendants[,]" including "harm caused by false
endorsements, passing off, or product disparagement, or
confusion over sponsorship affecting American commerce and
causing loss of American sales."  Id. at 119.  Therefore,
although the Filipino defendant's conduct may be exclusively
foreign, it is not necessarily immune from producing discovery
in this case.

    Here, Ruger has demonstrated that the sales, marketing, and
advertising information it seeks from the Filipino defendant is
relevant to its claims.  Ruger explained during the motion
hearing that its 10/22 and the defendants' RIA 22 are sold in
the same international markets, and Ruger believes that the
international sales and marketing information of the RIA 22 is
relevant to determining damages (due to loss of foreign sales)
and whether product disparagement or confusion has occurred.
These articulated inquiries are relevant in establishing a
Lanham Act claim.  See id.; Rodgers v. Wright, 544 F. Supp. 2d
302, 313 (S.D.N.Y. 2008) ("Financial harm to an American
trademark owner whether from the loss of foreign sales or the
damage to the trademark owner's reputation abroad is at the very

least, relevant to determining whether foreign infringement has

a substantial effect on U.S. commerce.").

    2.   <u>The Domestic Defendants</u>

The defendants additionally argue that Ruger's discovery

requests for the sales, marketing, and advertising activities of

the RIA 22 by the domestic defendants are irrelevant because

Ruger has failed to show how the sale of rifles internationally

has had "a substantial effect on United States commerce."  Doc.

no. 45-1 at 6.  In this circuit, however, the substantial

effects test as it applies to foreign defendants does not apply

to American-citizen defendants.  <u>McBee</u>, 417 F.3d at 118-19.

Indeed, to satisfy subject-matter jurisdiction against American-

citizen defendants under the Lanham Act, "the domestic effect of

the international activities may be of lesser importance and a

lesser showing of domestic effects may be all that is needed."

<u>Id.</u> at 118.

Here, Ruger has explained that, although the domestic

defendants are based in Nevada, they have admitted to selling

the RIA 22 internationally and "import[ing] the [RIA 22] to the

United States and export[ing] the [RIA 22] to Canada."  Doc. no.

42 at 10-11.  Further, Ruger stated during the motion hearing

that it believes an executive for the domestic defendants is

directly affiliated with the Pilipino defendant, and the RIA 22

– although not sold domestically – has made its way between all

three defendants. These allegations by Ruger are at least
sufficient to show that the discovery of sales and marketing of
the RIA 22 by the domestic defendants is relevant to its Lanham
Act claims. See Reebok Int'l Ltd. v. Sebelen, 930 F. Supp. 720,
723 (D.P.R. 1996) (finding "[w]here the defendants deal in
counterfeit footwear between Asian and other countries, even
though no counterfeit shoes are distributed in the United
States, United States courts have jurisdiction over the
defendants under the Lanham Act by reason of their United States
banking activities and use of United States commerce.")

B.    Discovery of the Receiver or Barreled Action of the RIA 22

     The defendants additionally object to the discovery of the
"sales of the receiver or barreled action for the RIA 22." Doc.
no. 45-1 at 7. In addition to the general objections noted
above, the defendants argue that the discovery of these specific
components of the RIA 22 is irrelevant because Ruger's trade
dress claims are based on the "overall configuration and
external appearance" of the 10/22 rifle. Id.

     "The party seeking information in discovery over an
adversary's objection has the burden of showing its relevance."
Caouette, 352 F. Supp. 2d at 136. Here, Ruger did not respond
to this objection in its briefs and spent little time discussing
the issue during the motion hearing. Therefore, the court
denies this aspect of Ruger's motion to compel without prejudice

to the extent it seeks information specific to the receiver or
barreled action of the RIA 22.  If the parties are unable to
resolve this aspect of Ruger's discovery requests, Ruger may
renew its motion to compel as to this issue, and the parties may
submit additional briefs.

## Conclusion

For the foregoing reasons, Ruger's motion to compel, doc.
no. 42, is granted in part.  Importantly, the court makes no
determination as to whether Ruger has established a Lanham Act
claim or subject-matter jurisdiction.  Those issues are for
another day.  At this point, Ruger has simply articulated enough
to satisfy that the majority of its contested discovery requests
are relevant to its claims.

Nevertheless, under the recently revised Federal Rules of
Civil Procedure, parties may only obtain discovery that is
relevant to its claims and "proportional to the needs of the
case . . . ."  Fed. R. Civ. P. 26(b)(1).  During the motion
hearing, the parties represented that they would further confer
as to the scope of Ruger's discovery requests if the court found
the requests to be relevant.  Should additional discovery
disputes arise, prior to filing a motion to compel, the parties
may request an informal conference with the court.  To the
extent the aforementioned informal process does not resolve the
discovery dispute, the parties may thereafter seek to resolve

the dispute through a customary motion to compel discovery or other appropriate motion.

The parties' assented-to motion to extend deadlines is granted in part.  Doc. no. 50.  The disclosure of rebuttal experts and experts' written reports shall be extended to April 3, 2017.  The deadline for witness and exhibits lists, pretrial statements, objections to pretrial statements, JERS statements, and the date of the pretrial conference will be set by the clerk's office.  All other deadlines are extended as proposed by the parties.  If the parties' proposed dates are no longer feasible in light of the court's order on the motion to compel, the parties may file an appropriate motion.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

August 17, 2016

cc:  James F. Laboe, Esq.
     Dustun H. Holmes, Esq.
     R. Matthew Cairns, Esq.